UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

COURCHEVEL 1850 LLC,

                        Plaintiff,                    **MEMORANDUM & ORDER**
                                                                               17-CV-6311 (MKB)
                        v.

FLORA E. RODRIGUEZ and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Courchevel 1850 LLC ("Courchevel") commenced the above-captioned action on October 30, 2017, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, against Defendants Flora E. Rodriguez and the New York City Environmental Control Board (the "ECB"), seeking to foreclose on a mortgage encumbering the property commonly known as 105–38 171st Place, Jamaica, NY 11433 (the "Property"). (Compl., Docket Entry No. 1.) On December 5, 2017, after Defendants failed to appear, Plaintiff obtained a certificate of default against Defendants, (Clerk's First Entry of Default, Docket Entry No. 10), and on February 9, 2018, moved for a default judgment, (Pl. First Mot. For Default J. ("Pl. First Mot."), Docket Entry No. 11; Decl. of Alan H. Weinreb in Supp. of Pl. Mot. ("Weinreb Decl."), Docket Entry No. 11–1). The Court denied Plaintiff's motion and granted Plaintiff leave to amend the Complaint.[1] (Minute Entry dated July 20, 2018.) Plaintiff filed an

---

[1] On July 20, 2018, the Court held a hearing on Plaintiff's first motion for default judgment. (Minute Entry dated July 20, 2018.) The Court denied Plaintiff's motion and granted Plaintiff leave to amend the Complaint and re-file its motion after complying with the notice requirements set forth in New York Real Property Actions and Proceedings Law § 1304. (*Id.*)

Amended Complaint on November 27, 2018, (Am. Compl., Docket Entry No. 17), and after Defendants failed to appear, Plaintiff obtained a certificate of default against Defendants, on January 7, 2019, (Clerk's Second Entry of Default, Docket Entry No. 23). Shortly thereafter, on January 11, 2019, Rodriguez filed an answer to the Amended Complaint. (Answer, Docket Entry No. 25.) On January 14, 2019, Plaintiff filed a second motion for default judgment. (Pl. Second Mot. for Default J. ("Pl. Second Mot."), Docket Entry No. 26.) On January 23, 2019, Rodriguez filed an affidavit in opposition to the motion, requesting that the Court vacate the entry of default, (Rodriguez Aff. in Opp'n to Pl. Second Mot. ("Rodriguez Aff."), Docket Entry No. 27.) As further explained below, because Rodriguez has shown good cause to vacate the entry of default, the Court grants Rodriguez's motion to vacate the entry of default and for the reasons explained below, dismisses Plaintiff's motion for default judgment as to the ECB.

## I. Background

### a. Factual background

On December 15, 2005, Rodriguez executed a mortgage for the Property with New Century Mortgage Corporation to secure a sum of $120,000 plus interest. (Am. Compl. ¶ 10; *see also* Executed Mortgage, annexed to Am. Compl. as Ex. B, Docket Entry No. 17.) On the same day, Rodriguez executed and delivered a note to New Century Mortgage Corporation in the amount of $120,000. (Am. Compl. ¶ 11; *see also* Note to New Century Mortgage Corp., annexed to Compl. as Ex. C, Docket Entry No. 17.) New Century Mortgage Corporation transferred the Note by allonge to subsequent owners and holders of the note, with the "mortgage instrument follow[ing] each transfer of the note to the Plaintiff." (Am. Compl. ¶ 12; *see also*

Allonges to Note 19–22, annexed to Compl. as Ex. C, Docket Entry No. 17.)[2] Plaintiff is in physical possession and is the owner and holder of both the note and mortgage. (Am. Compl. ¶ 14.)

Plaintiff alleges that Rodriguez failed to make a mortgage payment due on August 1, 2010 pursuant to the terms of the mortgage. (*Id.* ¶ 15.) On September 13, 2017, Plaintiff sent Rodriguez a thirty-day notice to cure the default (the "Notice of Default"), advising her that if she failed to cure the default, Plaintiff may declare the outstanding principal balance, together with all accrued interest, due and payable. (*Id.* ¶ 16; *see also* Notice of Default, annexed to Compl. as Ex. D, Docket Entry No. 17.) Rodriguez did not respond to the Notice of Default, and has failed to cure the default. (Am. Compl. ¶ 18.)

Plaintiff filed this action against Rodriguez and the ECB pursuant to the Court's diversity jurisdiction.[3] Plaintiff alleges that Rodriguez is indebted to Plaintiff for the outstanding principal balance of $118,504.75. (*Id.* ¶ 19.) In addition, Plaintiff names the ECB as a Defendant in this action because the ECB "filed liens and/or judgments against the . . . Property and/or owner of

---

[2] The Court relies on the Executed Mortgage, the Note, and the allonges to the Note because they are attached to the Amended Complaint and therefore properly considered on a motion for default judgment. *Gov't Employees Ins. Co. v. David Sanni-Thomas, D.O.*, No. 13-CV-4966, 2015 WL 5692875, at *1 (E.D.N.Y. Sept. 4, 2015) (recommending grant of default judgment upon consideration of, among other things, "the Complaint and its attached exhibits"), *report and recommendation adopted sub nom.*, *Gov't Employees Ins. Co. v. Zemlyansky*, 2015 WL 5692899 (E.D.N.Y. Sept. 27, 2015). Because the allonges are not included as separate exhibits to the Amended Complaint, and are not paginated, the Court refers to page numbers assigned by the Electronic Case Filing ("ECF") system.

[3] The Amended Complaint alleges that (1) Courchevel is a single-member limited liability company organized under Florida law with its principal place of business located in Fort Lauderdale, Florida, (2) its single member is an individual who is a citizen of the United States and is domiciled in Florida, (3) Defendants are citizens of New York, and (3) the amount in controversy exceeds $75,000. (Am. Compl. ¶¶ 2–6, 8); *see Pa. Pub. Sch. Emps' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014).

3

the . . . Property . . . [and] said lien is subordinate to the lien of the Mortgage being foreclosed." (*Id.* ¶ 6.)

Plaintiff seeks a judgment that Defendants be "barred and foreclosed" of the Property, (*id.* ¶ 23), and requests that the Property be sold as one parcel and that the monies from that sale be used to satisfy the amount due on the note and mortgage, (Weinreb Decl. ¶¶ 9–12). Plaintiff further requests that the Court "appoint a receiver of the rents and profits of [the Property] during the pendency of this action with the usual powers and duties," sell the Property according to the parameters set forth in the Amended Complaint,[4] and order Rodriguez to pay what remains of the debt after a sale of the Property. (Am. Compl. ¶¶ 19–23.)

### b. Rodriguez's failure to answer or otherwise defend this action

In Rodriguez's affidavit in opposition to Plaintiff's motion for a default judgment, she states that she "has a reasonable excuse for the default (if any) and a meritorious defense to the Plaintiff's foreclosure lawsuit . . . ." (Rodriguez Aff. ¶ 3.) Rodriguez states that Plaintiff served her "with a foreclosure summons and [Amended] Complaint on December 18, 2018," and that she immediately sought legal representation "for almost [two] weeks but due to the holidays, a language barrier (Spanish) and the potential cost," she prepared the answer *pro se*. (*Id.* ¶ 4.) Rodriguez "thought that the time to answer the . . . Complaint did not include weekends or holidays,"[5] and she did not "understand that she could lose her home because she was three days late," in filing her answer. (*Id.* ¶¶ 4, 6.) In addition, Rodriguez argues that the Court should

---

[4] (*See* Am. Compl. ¶ 21 (setting forth proposed parameters of foreclosure sale).)

[5] Rodriguez states that it is her "position that most 'lay-people' would not think that weekends and holidays would count toward a Default. In fact, both Christmas and New Year's Day fell on weekdays, so if those days are not counted, [she] is only one (1) day late" in filing her answer. (Rodriguez Aff. ¶ 6.)

decide the case on the merits as she has several "potentially viable defenses," to the Complaint. (*Id.* ¶¶ 7, 8.)

## II. Discussion

### a. Standards of review

#### i. Entry of a default judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond," *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013); *LG Funding, LLC*, 2015 WL 4390453, at *2 ("To determine whether the default judgment should issue, the [c]ourt examines whether 'the factual allegations, accepted as true, provide a proper basis for liability and relief.'" (quoting *Rolls-Royce PLC v. Rolls-Royce USA,*

*Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010))).

The decision to grant a motion for default judgment is left to the sound discretion of the district court. *See Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009) ("In permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the district court."); *Palmieri v. Town of Babylon*, 277 F. App'x 72, 74 (2d Cir. 2008). In determining whether to grant a default judgment, the court looks to the same factors which apply to a motion to set aside a default judgment, namely: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001); *see also United States v. Myers*, 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017).

### ii. Vacating an entry of default

A district court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Bricklayers*, 779 F.3d at 186 ("[A]fter . . . default is entered, the court may set aside an entry of default for good cause." (alterations, citations, and internal quotation marks omitted)). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Bricklayers*, 779 F.3d at 186 (alterations and internal quotation marks omitted) (quoting *Enron Oil Corp.*, 10 F.3d at 96). These factors are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Id.* (citation omitted); *see Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d

Cir. 2013) (same); *see also Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 55 (2d Cir. 2017) (same).

The Second Circuit has "expressed a strong preference for resolving disputes on the merits." *Green*, 420 F.3d at 104 (citation and internal quotation marks omitted); *see also Sik Gaek, Inc.*, 682 F. App'x at 55 (quoting same). Therefore, when deciding a motion to vacate, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Green*, 420 F.3d at 104; *see also United States v. Chesir*, 526 F. App'x 60, 61 (2d Cir. 2013) (noting that the three factors "'should be construed generously' in favor of party seeking relief from judgment" (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004))); *Pecarsky*, 249 F.3d at 174 ("It is well established that default judgments are disfavored.").

### b. Rodriguez has shown good cause to vacate the entry of default

As explained below, Rodriguez's default was not willful and she has presented a meritorious defense. In addition, Plaintiff has not suffered any prejudice. Because Rodriguez has shown good cause to vacate the entry of default, the Court grants Rodriguez's application to vacate the entry of default.

#### i. Rodriguez's default was not willful

A default is willful if it is "more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers*, 779 F.3d at 186 (alteration, citation, and internal quotation marks omitted); *see also Jaramillo v. Vega*, 675 F. App'x 76, 76 (2d Cir. 2017) (quoting same). "Although more than mere negligence is required, 'the degree of negligence in precipitating the default is a relevant factor to be considered.'" *Jaramillo*, 675 F. App'x at 76–77 (quoting *Green*, 420 F.3d at 108). A default may be "satisfactorily explained"

when it was caused by "a mistake made in good faith." *Swarna v. Al–Awadi*, 622 F.3d 123, 142 (2d Cir. 2010) (quoting *Enron Oil Corp.*, 10 F.3d at 96); *see also Johnson v. N.Y.U.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) ("[A] defendant's inadvertent mistake may be excusable." (citation omitted)). In contrast, where a defendant provides no justification for the failure to respond or "deliberately fail[s]" to respond to the complaint, the defendant's default may be considered egregious and not satisfactorily explained. *Green*, 420 F.3d at 109; *see also id.* (finding default willful where the defendants "offered no explanation for their counsel's failure to appear or seek an extension of time to respond to the complaint" nor "any justification for their failure to take action after receiving notice that the clerk had entered a default against them"); *Johnson*, 324 F.R.D. at 70 (finding default egregious and not satisfactorily explained where the defendants "failed, for untenable reasons, after defendants had purposely evaded service for months, to answer the complaint" (internal quotation marks omitted) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998))); *Peoples v. Fisher*, 299 F.R.D. 56, 59 (W.D.N.Y. 2014) ("[D]efault is willful when a defendant ignores a complaint without action and fails to offer an explanation for its failure to respond to a motion or pleading.").

The Court finds that Rodriguez's default was not willful. In her affidavit, Rodriguez states that once Plaintiff's counsel served her with a foreclosure summons and the Amended Complaint on December 18, 2018, she "immediately attempted to hire representation (for almost 2 weeks), but due to the holidays, a language barrier (Spanish) and the potential cost," she prepared an answer *pro se* with the assistance of some friends. (Rodriguez Aff. ¶ 4.) Further, Rodriguez mistakenly believed that weekends and holidays did not count towards the time she had to respond to the Amended Complaint. (*Id*.) These explanations for failing to timely respond to the Complaint are satisfactory as they rest on Rodriguez's mistaken understanding of

8

the law. *See Emigrant Mortg. Co., Inc. v. Matava*, No. 16-CV-429, 2018 WL 6592089, at *2 (D. Conn. Dec. 13, 2018) ("The Second Circuit has advised that district courts should 'set aside the entry of default freely when the defaulting party is appearing *pro se*.'" (quoting *Enron Oil Corp.*, 10 F.3d at 96)); *Swarna*, 622 F.3d at 142–43 (finding default not willful where it was "based on mistaken belief" about the law); *see also E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111, 2015 WL 790036, at *9 (E.D.N.Y. Feb. 24, 2015) ("where defendant is proceeding *pro se*, he should be afforded 'extra leeway in meeting the procedural rules governing litigation and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge.'" (quoting *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 79 (E.D.N.Y. 2010))); *Addison*, 272 F.R.D. at 79 (denying plaintiff's motion for a default judgment because it is "inappropriate to strike a [*pro se*] answer as untimely where there was only a four[-]day delay"); *Friedlander v. Onsa*, No. 05-CV-6031, 2008 WL 2746299, at *3 (E.D.N.Y. July 14, 2008) (refusing to enter a default judgment against a *pro se* defendant solely because he answered the complaint two months late).

In addition, shortly after Plaintiff filed its motion for default judgment, Rodriguez filed an affidavit in opposition to Plaintiff's motion. (*See* Rodriguez Aff.) Such action supports a finding that Rodriguez's default was not willful because it evidences an intention and attempt to defend against the action. *See Johnson*, 324 F.R.D. at 70 ("[T]he Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." (citing *Enron Oil Corp.*, 10 F.3d at 98)).

### ii. Rodriguez has presented a meritorious defense

A defendant seeking to set aside an entry of default judgment bears the "burden of offering evidence sufficient to establish a complete defense." *Bricklayers*, 779 F.3d at 187

9

(citing *State St. Bank*, 374 F.3d at 167). "In order to make a sufficient showing of a meritorious defense[,] the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Green*, 420 F.3d at 109 (alterations and citation omitted); *see also Chesir*, 526 F. App'x at 63 (noting that a defense is meritorious if it "give[s] the factfinder some determination to make" (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996))); *State Farm Mut. Auto Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) ("[A] defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense."); *Swarna*, 622 F.3d at 142 ("[A] defendant must present evidence of facts that, if proven at trial, would constitute a complete defense." (citation omitted)); *State St. Bank*, 374 F.3d at 167 ("Whether a defense is meritorious 'is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'" (quoting *Enron Oil Corp.*, 10 F.3d at 98)). This requires a "low threshold of adequacy," *Curry v. Penn Credit Corp.*, No. 15-CV-6360, 2015 WL 6674922, at *5 (W.D.N.Y. Nov. 2, 2015) (quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)), but "a defendant must present more than conclusory denials," *Pecarsky*, 249 F.3d at 173.

Construing the answer liberally, *see Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (stating that a court is required to liberally construe a *pro se* defendant's papers "'and interpret them to raise the strongest arguments that they suggest'") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)), Rodriguez has carried her burden of establishing a meritorious defense. In her answer and affidavit, Rodriguez asserts a number of defenses and affirmative defenses to Plaintiff's Amended Complaint. As one of her affirmative defenses, Rodriguez states that Plaintiff "failed to comply with several condition precedents and/or requirements of the Real

10

Property Actions and Proceedings Law ['RPAPL'] . . . ." (Answer 2.) In addition, Rodriguez asserts that she "does not recall being served with any of the the[] New York State required notices." (Rodriguez Aff. ¶ 4.)

"RPAPL § 1304 requires a lender, assignee, or mortgage loan servicer to transmit" to the borrower, at least 90 days prior to commencing a legal action for a mortgage foreclosure, a notice that contains: "(1) text in fourteen-point type; (2) text stating 'YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY'; [and] (3) information regarding government-approved housing counseling agencies available to assist borrowers in seeking home loan modifications . . . ." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 83 (E.D.N.Y. 2019). The notice must be transmitted "via registered or certified mail and also by first-class mail to the last known address of the borrower, and if different, the residence subject to the mortgage." *Id.* "'[P]roper service of RPAPL [§] 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action . . . .'" *OneWest Bank, N.A. v. Guerrero*, No. 14-CV-3754, 2018 WL 2727891, at *7 (S.D.N.Y. June 6, 2018). "Plaintiff has the affirmative obligation to establish strict compliance with RPAPL section 1304 regardless of the adequacy of Defendants' briefing." *Gustavia Home*, 362 F. Supp. 3d at 83 (citing *United States v. Parks*, No. 17-CV-01262, 2018 WL 5793569, at *3 (W.D.N.Y. Oct. 4, 2018) ("The plaintiff is required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion, regardless of the opposing papers." (internal quotation marks omitted)). In addition, "for any borrower known to have limited English proficiency, the notices required . . . shall be in the borrower's native language . . . provided that the language is one of the six most common non-English languages spoken by

11

individuals with limited English proficiency in the state of New York . . . ." RPAPL § 1304(5).

Plaintiff has attached to the Amended Complaint a copy of the 90-day notice addressed to Defendants with certified mail forms. (*See* 90-Day Notice 32–35, , annexed to Compl. as Ex. D, Docket Entry No. 17.) However, the evidence attached to the Amended Complaint does not indicate whether Plaintiff sent the 90-day notice to Defendants on August 15, 2018, or whether Defendants received the 90-day notice ninety days prior to Plaintiff filing the Amended Complaint. In addition, because Rodriguez noted in her answer that she has limited proficiency in English, it is unclear whether Plaintiff had knowledge of Rodriguez's limited English proficiency, and if so, provided a notice in Spanish. If Plaintiff is not able to establish that it strictly complied with RPAPL section 1304, Rodriguez's asserted defense would constitute a complete defense to the current action.[6]

### iii. Plaintiff has not suffered prejudice

In determining whether to vacate an entry of default, a court must consider "whether and to what extent, vacating the default judgment will prejudice the non-defaulting party." *Green*, 420 F.3d at 110. "Some delay is inevitable when a motion to vacate a default judgment is granted; thus, 'delay alone is not a sufficient basis for establishing prejudice.'" *Id.* (quoting

---

[6] In addition to Rodriguez's argument that Plaintiff did not comply with the requirements of the RPAPL, Rodriguez asserts several other affirmative defenses including that (1) Plaintiff fails to state a cause of action upon which relief may be granted, (2) the court lacks subject matter jurisdiction, (3) Plaintiff violated the Unfair and Deceptive Trade Practice Act, and (4) Plaintiff made false statements and/or omissions regarding material facts of the mortgage and/or loan modification. *See generally* Answer. Because the Court finds that Rodriguez has articulated a potentially meritorious defense with respect to the Plaintiff's service of the 90-day notice, the Court declines to make a finding as to whether all of Rodriguez's affirmative defenses are potentially meritorious. *See Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (explaining that the court did "not need to make a finding as to whether all of the [d]efendants' affirmative defenses are meritorious" in setting aside default).

*Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Accordingly, in determining whether a plaintiff has suffered prejudice, courts consider "the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." *Swarna*, 622 F.3d at 142 (alterations, citation, and internal quotation marks omitted); *see also Green*, 420 F.3d at 110 (same).

Rodriguez filed her answer sixteen days after her answer was due. Although Rodriguez's answer was filed late, this delay has not resulted in a loss of evidence, increased difficulties in obtaining discovery, greater opportunity for fraud and collusion, or any other cognizable harm. Thus, the Court finds that Plaintiff has not suffered prejudice from Rodriguez's default. *See Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (finding no prejudice where the case was "in its early stages and there [was] no indication that evidence ha[d] been lost or that vacating the default [would] result in difficulties of discovery"); *Curry*, 2015 WL 6674922, at *4 ("Delay, standing alone, does not establish prejudice warranting the denial of a motion to vacate a default.").

Accordingly, the Court denies Plaintiff's motion for a default judgment as to Rodriguez and grants Rodriguez's application to vacate her entry of default.

    c. **Default judgment as to non-mortgage Defendant ECB**

Plaintiff seeks a default judgment against the ECB. Because the ECB is a board of New York City and Plaintiff has not complied with the heightened pleading requirements, the Court denies the application for default judgment without prejudice. *See CIT Bank, N.A. v. Metcalfe*, No. 15-CV-1829, 2017 WL 3841843, at *6–7 (E.D.N.Y. Aug. 17, 2017), *report and recommendation adopted*, 2017 WL 3841852 (E.D.N.Y. Sept. 1, 2017) (applying New York

13

law's heightened pleading requirements in deciding motion for default judgment against non-mortgagor defendant ECB).

A plaintiff seeking to foreclose on a mortgage must demonstrate "the existence of an obligation secured by a mortgage, and a default on that obligation." *Gustavia Home, LLC v. Vielman*, No. 16-CV-2370, 2017 WL 4083551, at *5–6 (E.D.N.Y. Aug. 25, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 4083156 (E.D.N.Y. Sept. 14, 2017); *see also Gustavia Home, LLC v. Alvarez*, No. 16-CV-06633, 2017 WL 2983240, at *3 (E.D.N.Y. June 2, 2017) ("Pursuant to New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate 'the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan secured by the mortgage.'" (alteration omitted) (quoting *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015))), *report and recommendation adopted as modified*, 2017 WL 2982987 (E.D.N.Y. July 12, 2017).

Once the plaintiff has made a prima facie case by demonstrating the requisite elements, it has a "presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Vielman*, 2017 WL 4083551, at *5–6 (citing *United States v. Leap*, No. 11-CV-4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), *report and recommendation adopted*, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014); *see also Alvarez*, 2017 WL 2983240, at *3 ("[O]nce the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence." (first citing *See BH99 Realty, LLC v. Qian Wen Li*, No. 10-CV-693, 2011 WL 1841530, at *5 (E.D.N.Y. Mar. 16, 2011); and then citing *United States v. Watts*, No. 13-CV-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014))); *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012) (quoting *United States v.*

*Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991)).

Under section 1331 of the RPAPL, a foreclosure action must join as a necessary defendant "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. Real Prop. Acts. Law § 1311(3). The rule that non-mortgagor defendants be joined "derives from the underlying objective of foreclosure actions — to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012), *report and recommendation adopted*, 2018 WL 1640591 (E.D.N.Y. Apr. 5, 2018) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 830 N.Y.S.2d 95, 98 (App. Div. 2005)). Accordingly, "[w]hen a default judgment is entered against a [non-mortgagor] defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 3102021 (E.D.N.Y. June 2, 2016).

In order to adequately allege liability as to a non-mortgagor defendant and extinguish their interest in a property, the complaint must allege "nominal liability" — that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien. *See CIT Bank, N.A. v. Castillo*, No. 17-CV-2132, 2018 WL 1660738, at *3 (E.D.N.Y. Mar. 8, 2018) ("Courts in this district have found that entry of default judgment 'is appropriate where the complaint alleges nominal liability — i.e., that any judgments the Defaulting defendants may have against the debtor, if liens on the mortgaged property, are subordinate to the plaintiff's lien.'" (alterations omitted) (quoting *Bank*

*of Am., N.A.*, 2012 WL 2529196, at *14; *Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("Entry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability.' Nominal liability is established on a Rule 55 motion when the complaint contains well-pleaded allegations that any judgments the non-mortgagor defendants may have against the mortgagor defendant — if asserted as liens on the mortgaged property — are subordinate to the plaintiff's mortgage lien." (first citing *OneWest Bank, NA v. Raghunath*, 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted*, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015); and then citing *Robinson*, 2016 WL 3365091, at *4, *report and recommendation adopted*, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017)).

However, "[w]here a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property," the complaint must allege "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." N.Y. Real Prop. Acts. Law § 202-a(1). "If the lien exists by virtue of a judgment" the complaint must include "the name of the court, date recorded, clerk's office in which filed, the names of the parties against whom and in whose favor such judgment was recovered and a brief description of the grounds for or the nature of such judgment." *Id.* § 202-a(2); *see also Lawrence*, 2017 WL 4404434, at *4 ("Under New York law, however, where a city agency is named as a defendant, heightened pleading requirements apply . . . ."). Courts in this Circuit have held that boilerplate statements alleging that an agency "has a beneficial interest in" a property, or are "necessary party defendants by way of having filed liens or judgments against the premises" are inadequate as a matter of law to establish liability against a city agency in a foreclosure action. *See Metcalfe*, 2017 WL 3841843, at *7;

16

*CIT Bank v. Dambra*, No. 14-CV-3951, 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015), *report and recommendation adopted sub nom.*, *CIT Bank, N.A. v. Dambra*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015); *but see Onewest Bank v. Serbones*, No. 14-CV-7281, 2016 WL 1295197, at *3 (E.D.N.Y. Mar. 7, 2016) (recommending grant of default judgment against the ECB based on "alleg[ation] that [it] may have a lien or a judgment on the property that is subordinate to [the plaintiff's] mortgage"), *report and recommendation adopted as modified sub nom.*, *OneWest Bank, N.A. v. Serbones*, 2016 WL 1306545 (E.D.N.Y. Mar. 31, 2016).

Plaintiff alleges that the ECB has "filed liens and/or judgments against the Subject Property and/or owner of the Subject Property as follows: ECB Violation No.: 44293428R filed in the Queens County Clerk's Office. Said lien is subordinate to the lien of the Mortgage being foreclosed." (Am. Compl. ¶ 6.) These allegations do not provide sufficiently "[d]etailed facts showing the particular nature" of the ECB's interest in the Property. N.Y. Real Prop. Acts. Law § 202-a(1). The violation number of the ECB violation, without any further allegations as to the nature of the interest or any documentation identifying the violation is insufficient to meet the heightened pleading requirement. *Cf. Courchevel 1850 LLC v. Pinto-Bedoya*, No. 16-CV-6716, 2017 WL 5157451, at *1 (E.D.N.Y. Nov. 7, 2017) ("Although the [c]omplaint's allegations are somewhat sparse regarding the NYCECB's liens on the property, [p]laintiff attached to the [c]omplaint a [thirty]-page list of citations the NYCECB has issued against other Y & S Development properties, which courts in this district have deemed sufficient to meet a plaintiff's pleading obligations under Sections 202 and 202-a of the New York Real Property Actions and Proceedings Law." (internal citations omitted) (citing *Dambra*, 2015 WL 7422348, at *6))); *Dambra*, 2015 WL 7422348, at *6 ("Plaintiff supported its allegations of liens encumbering the [p]roperty with title search documents allegedly showing monies owed by [the mortgagor

17

defendants] to the Environmental Control Board . . . . These supported allegations are sufficient to satisfy the requirement under RPAPL § 202 for 'detailed facts' related to the interest in or lien on the property." (alteration and citations omitted)); *see also CIT Bank, N.A. v. Howard*, No. 14-CV-7470, 2018 WL 3014815, at *13 (E.D.N.Y. June 15, 2018) ("As to the ECB, Plaintiff has alleged that the ECB also holds a lien on the Property that is subject and subordinate to the Mortgage, and in support of that allegation Plaintiff attached a copy of a title search reflecting judgments the ECB holds against [the mortgagor defendant]. These allegations establish the ECB's nominal liability and also satisfy the RPAPL's heightened pleading requirements for city defendants." (internal citation omitted) (first citing *CIT Bank, N.A. v. Louis*, No. 15-CV-00597, 2017 WL 448956, at *2 (S.D.N.Y. Jan. 26, 2017); and then citing *Dambra*, 2015 WL 7422348, at *6)). Accordingly, the Court denies without prejudice Plaintiff's motion for a default judgment as to the ECB. The ECB's interest in the Property will not be extinguished following a foreclosure and sale. *See Lawrence*, 2017 WL 4404434, at *4 ("[D]enying plaintiff's motion for default judgments against the ECB and PVB will not defeat plaintiff's rights with respect to . . . the mortgagor defendant; rather, the failure to obtain default judgments against the ECB and PVB 'simply leaves [their] rights unaffected by the judgment of foreclosure and sale.'" (quoting *Glass v. Estate of Gold*, 853 N.Y.S.2d 159, 159 (App. Div. 2008)))

### III. Conclusion

For the foregoing reasons, the Court grants Rodriguez's application to vacate the entry of default and denies Plaintiff's motion for default judgment as to the ECB without prejudice.

Dated: May 22, 2019
       Brooklyn, New York

SO ORDERED:

         s/ MKB
MARGO K. BRODIE
United States District Judge