# THE MARGOLIN & WEINREB LAW GROUP, LLP

Attorneys at Law
165 Eileen Way, Suite 101
Syosset, New York 11791

ALAN WEINREB, ESQ.
<u>CYNTHIA NIERER, ESQ.</u>

(516) 921-3838
FAX  (516) 921-3824
www.nyfclaw.com

June 23, 2020

<u>Via ECF</u>
The Honorable Judge Margo K. Brodie
United States District Court Judge
United States District Court—E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Courchevel 1850 LLC v. Rodriguez et al., 17-cv-06311-MKB-ST</u>

Dear Honorable Judge Brodie:

This firm is counsel for the Plaintiff in the above referenced action. Please accept this letter as a request pursuant to FRCP 25(c) to substitute the original Plaintiff, Courchevel 1850 LLC ("Courchevel"), to reflect a transfer of interest of the Plaintiff. This request is made by letter motion as defendant has defaulted pursuant to August 27, 2019 Order, which reinstated the certificate of default as to Defendant Rodriguez [Docket No. 34].

This action was filed on October 30, 2017 to foreclose a mortgage bearing the date December 15, 2005, made by Flora E. Rodriguez to New Century Mortgage Corporation to secure the sum of $120,000.00 and interest, recorded in CRFN: 2005000712401 in the Office of the Register of the City of New York for the County of Queens on December 28, 2005 (the "Mortgage"). Said lien covers premises known as 105-38 171st Place, Jamaica, NY 11433. Also on December 15, 2005, Flora E. Rodriguez executed and delivered a Note to New Century Mortgage Corporation in the amount of $120,000.00 (the "Note"). On or about August 24, 2016, through a series of Note Allonges, Courchevel became the owner and holder of the Mortgage and Note.

On February 26, 2020, Courchevel sold and transferred the Note and Mortgage to Lightning 1179 LLC ("Lightning"). The corresponding Allonge is annexed hereto.

Lightning is a single member limited liability company whose sole member is a corporation organized under the laws of the State of Delaware, with its principal place of business located at in Miami Beach, FL. Due to this transfer of Courchevel's interest in the Note and Mortgage to Lightning, it is now necessary that the Plaintiff be substituted to reflect the transfer of interest to Lightning as the proper Plaintiff.

Pursuant to FRCP 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). The rule provides that if a party wishes to do so, it may move for substitution or joinder of a transferee in interest. Id. "Because joinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties [the decision as to whether to grant a Rule 25(c) motion] is generally within the district court's discretion." Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71 (3d Cir. 1993). A court's focus when assessing a Rule 25(c) motion must be on whether substitution would best "facilitate the conduct of the litigation." Fed. Deposit Ins. Corp. v. Tisch, 89 F.D.R. 336, 448 (E.D.N.Y. 1981) (noting that because the decision to order substitution does not impact a party's substantive rights, the decision should "be made by considering how the conduct of the lawsuit will be most facilitated"). In examining a Rule 25(c) motion, the court must first analyze "the respective rights and liabilities among the parties and the transferee under the substantive law governing the case," and then must determine "whether it would best facilitate the conduct of the case to have the transferor remain in the case [or] substitute the transferee. . ." 6 James Wm. Moore, et al., Moore's Federal Practice §25.34[3] (3d ed. 2011).

We submit that in this foreclosure action, this lawsuit would be best facilitated by substituting the original Plaintiff Courchevel, which no longer has any interest in the Mortgage and Note, as it has sold all of its interest thereto, with Lightning as it is now the rightful owner and holder of the Mortgage and Note that this action is seeking to foreclose. Furthermore, there is no undue delay, bad faith or prejudice in permitting this substitution.

Accordingly, we respectfully request that a substitution be made of Plaintiff Courchevel 1850 LLC with Lightning 1179 LLC, which is now the proper party in interest.

I thank you for your attention to this matter.

Respectfully Submitted,

*/s/Alan H. Weinreb*
Alan Weinreb, Esq.

Enclosure
cc: Flora Rodriguez, Defendant *pro se* (via First Class Mail)

## ALLONGE TO THE NOTE

Loan Number: ███
Borrower: Flora E Rodriguez
Date of Note: 12/15/2005
Loan Amount: $120,000.00
Property Address: 105-38 171 Place, JAMAICA, NY, 11433

For Value received, I hereby transfer, endorse and assign the within Note.

Pay to the order of:

**LIGHTNING 1179 LLC**, Without recourse

**COURCHEVEL 1850 LLC**

By: _/s/ Brandon Lamm_
Name: Brandon Lamm
Title: Vice President