UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LIGHTNING 1179 LLC,

                         Plaintiff,                              **REPORT AND**
                                                                              **RECOMMENDATION**
               v.

                                                                             17-CV-6311 (MKB) (ST)

FLORA E. RODRIGUEZ and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                        Defendants.
-------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

        Plaintiff Lightning 1179 LLC (substituting original plaintiff Courchevel 1850 LLC) ("Plaintiff" or "Lightning") filed this diversity residential foreclosure action under Section 1301 of the New York Real Property Actions and Proceedings Law ("RPAPL") against Defendants Flora E. Rodriguez and the New York City Environmental Control Board ("ECB"), seeking to recover on a mortgage encumbering a property that is located at 105-38 171 Place in Jamaica, New York ("the Property"). *See* Compl. ¶ 10, ECF No. 1; Am. Compl. ¶ 1, ECF No. 17. After Rodriguez failed to appear at a court hearing, failed to contact either the Court or opposing counsel for several months, and ignored multiple court orders, this Court recommended the entry of default. *See* Min. Entry, ECF No. 34. On September 16, 2019, former plaintiff Courchevel filed a Motion for Default Judgment, which was referred to me by Hon. Margo K. Brodie. Order Referring Mot., Sept. 16, 2019. On June 23, 2020, Plaintiff Lightning 1179 LLC filed a letter motion to substitute the original plaintiff Courchevel pursuant to FRCP 25(c), based on Courchevel's transfer of interest in the Note and Mortgage to Lightning. Pl.'s Letter Motion, ECF No. 36. On September 16, 2020, Hon. Brodie granted the motion and ordered Lightning 1179 LLC to replace Courchevel 1850 LLC as Plaintiff in this action.[1] I respectfully recommend that the Motion be GRANTED in part and DENIED in part.

---

[1]     As Plaintiff Lightning 1179 LLC substituted the original plaintiff Courchevel 1850 LLC in this action after this Default Judgment motion was filed, references to "Plaintiff" throughout this Report and

1

A. **Factual Background**

Defendant Rodriguez has owned the Property since December 15, 2005. Am. Compl. ¶ 10. On that same day, Defendant executed and delivered a Note to New Century Mortgage Corporation. Am. Compl., Ex. C. ("Note"), ECF No. 17-1; *see also* Am. Compl., Ex. B ("Mortgage"), ECF No. 17-1.

The Note obligated Defendant Rodriguez to repay $120,000.00 in principal and to pay an annual interest rate of 11.1%. *See* Note. Defendant Rodriguez was obligated to pay the principal and the interest by making monthly payments of $1,151.87 on the first day of the month beginning on February 1, 2006. *Id.* If Defendant Rodriguez failed to pay off the principal and the interest of the note, in full, by January 1, 2036, she was obligated to pay the remaining balance of the principal and the interest on that date. *Id.* The Note stated that the borrower would be in default if she failed to make a full payment and failed to remedy that failure on a date specified by the lender. *Id.* The date was to be at least 10 days after the lender mailed or delivered to her the notice of nonpayment. *Id.* If the borrower defaulted, the Note stated the lender could force payment of the full amount plus interest immediately. *Id.* The Note also provided that a 2% late fee would be assessed if Defendant failed to make a payment within 15 days of the due date. *Id.* The Note was later transferred to Courchevel 1850 LLC in a properly-affixed allonge. *See* Am. Compl. ¶ 12; Am. Compl., Ex. C. The mortgage instrument followed each transfer. *See* Am. Compl. ¶ 12. Courchevel then sold and transferred the Note and Mortgage to Lightning 1179 LLC ("Plaintiff") in a properly-affixed allonge. See ECF No. 36.[1]

Defendant failed to make the monthly payment that was due on August 1, 2010. *See* Am. Compl. ¶ 15. Thereafter, on September 13, 2017, Plaintiff sent Defendant a Notice of Default. Am. Compl. ¶ 16; *see* Am. Compl., Ex. D ("Notice of Default"). The Notice stated that the amount in arrears was $25,371.78, and Defendant was required to correct the default by October 16, 2017. Notice of Default at 25. The Notice further stated that a failure to correct the default

---

[1] Recommendation may *de facto* refer to the original plaintiff Courchevel, but *de jure* refers to Plaintiff Lightning.

2

could result in acceleration of the loan. The Notice stated, "Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced." *Id.*

On October 30, 2017, Plaintiff filed a Complaint. *See* Compl. Oroginal plaintiff Courchevel is a Florida LLC whose principal place of business located in Fort Lauderdale, Florida, and whose sole member is domiciled in Florida. *See* Am. Compl. ¶¶ 2-4.[2] Plaintiff Lightning is a single member limited liability company whose sole member is a corporation organized under the laws of the State of Delaware, with its principal place of business located at in Miami Beach, FL. Pl.'s Letter Mot. to Substitute Party at 1, ECF No. 36. Defendant Flora Rodriguez is a resident and citizen of New York. *See* Am. Compl. ¶ 5. Defendant ECB is a division of the city of New York. *See* Am. Compl. ¶ 6. Defendants Rodriguez and ECB were duly served with a copy of the summons and complaint on November 7 and 8, 2017, respectively. Summonses Returned Executed, ECF Nos. 7, 8. Defendants did not file an answer to the Complaint.

On December 5, 2017, the Clerk of Court entered default against Defendants (Entry of Default, ECF No. 10), and on February 9, 2018, Plaintiff moved for default judgment (Mot. Default J., ECF No. 11). The District Court entered an Order on July 9, 2018, scheduling a hearing on Plaintiff's motion for default judgment and directing Plaintiff to "be prepared to discuss, among other things, whether it was required to provide Defendant Rodriguez with pre-foreclosure notice pursuant to New York Real Property Actions and Proceedings Law § 1304." Order, July 9, 2018. In addition, the District Court stated, "Plaintiff may submit any additional legal authority to support its position that such notice is not required at least two days prior to the hearing." *Id.* Pursuant to that Order, Plaintiff filed a Letter on July 18, 2018 arguing that

---

[2] In a default proceeding, the Court is "required to accept all of [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Thus, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997).

3

RPAPL § 1304 notice was not required in this case because Rodriguez does not reside at the Property that is subject to foreclosure in the suit and therefore the loan does not qualify as a "home loan" with the corresponding pre-foreclosure notice requirement.  Letter, ECF No. 14.  The Court held a hearing on July 20, 2018.  *See* Min. Entry, July 20, 2018.  For reasons that were stated during the hearing, the District Court "denied plaintiff's motion and granted plaintiff leave to amend the complaint and re-file its motion after plaintiff has complied with the notice requirements set forth in [RPAPL] § 1304."  *Id.*

On August 15, 2018, Plaintiff sent documents to Defendant Rodriguez that purported to provide notice in accordance with RPAPL § 1304.  90-Day Notices, ECF No. 17-1, at 28-33.  Plaintiff filed an Amended Complaint on November 27, 2018.  Am. Compl.  Defendants were duly served (*see* Summonses Returned Executed, ECF Nos. 19-20) but, once again, failed to respond to the Amended Complaint.  The Clerk entered default on January 7, 2019.  *See* Clerk's Entry of Default, ECF No. 23.  Even though Defendant Rodriguez was required to file an answer by December 26, 2018, she filed a *pro se* answer after the entry of default on January 11, 2019.  *See* Answer, ECF No. 25.  Plaintiff then filed a second motion for default judgment on January 14, 2019.  Mot. Default J., ECF No. 26.  On January 23, 2019, Rodriguez filed an affidavit in opposition to the motion, requesting that the Court vacate the entry of default on the basis that she has a "reasonable excuse for the default" and a "meritorious defense to the Plaintiff's foreclosure lawsuit."  Aff. Opp'n Mot. Default J., ECF No. 27, at 3.

In a Memorandum and Order dated May 22, 2019, the District Court vacated the entry of default, finding that Defendant Rodriguez had shown good cause because her default was not willful, she had established a meritorious defense, and Plaintiff would not be prejudiced.  Mem. & Order Vacating Default J. ("Mem. & Order"), ECF No. 28, at 7.  The District Court found that Rodriguez's default was not willful because she "mistakenly believed that weekends and holidays did not count towards the time she had to respond to the Amended Complaint" and filed an affidavit in opposition to Plaintiff's motion, the latter of which "evidences an intention and attempt to defend against the action."  *Id.* at 9.  Additionally, the District Court found that

4

Rodriguez had carried her burden of showing a potentially meritorious defense. *Id.* at 10. The District Court found that Rodriguez had raised an issue as to whether Plaintiff had complied with RPAPL section 1304, and, if proven, the Court found that "Rodriguez's asserted defense would constitute a complete defense to the current action." *Id.* at 12. Finally, the District Court found that Plaintiff would not be prejudiced by vacating the default because Rodriguez had only filed her answer a mere sixteen days after the answer was due. *Id.* at 13. Additionally, the District Court denied without prejudice the default judgment motion with respect to Defendant ECB because Plaintiff's allegations did not provide "sufficiently detailed facts showing the particular nature of the ECB's interest in the Property" and therefore Plaintiff had failed to meet the heightened pleading standard for allegations against a city agency in an action affecting real property. *Id.* at 15–16.

This Court then scheduled an initial conference for June 19, 2019. *See* Scheduling Order, ECF No. 29. Defendant Rodriguez failed to appear at the June 19 initial conference. Min. Entry, ECF No. 30. Defendant Rodriguez again failed to appear at the rescheduled initial conference on July 17, 2019, and so the Court issued an Order to Show Cause as to why a default judgment should not be entered against Defendant Rodriguez and scheduled a show cause hearing. Min. Entry, ECF No. 32. This Court warned that the "[f]ailure to appear at this hearing will result in a recommendation that default judgment be entered." *Id.*

Defendant failed to appear for the show cause hearing on August 22, 2019. *See* Min. Entry, ECF No. 34. The Court recommended that a certificate of default be reinstated as to Defendant Rodriguez because "Defendant has failed to contact opposing counsel or the Court in several months and has ignored multiple court orders, as well as the Order to Show Cause issued by this Court on July 17, 2019." *Id.* Plaintiff filed its renewed Motion for Default Judgment of Foreclosure and Sale on September 16, 2019. Mot. Default J., ECF No. 35. According to Plaintiff, the remaining principal balance owed by Defendant Rodriguez is $118,504.75, and Plaintiff does not seek to recover interest due on the loan. Mem. Supp. Mot. Default J., ECF No.

35-2, at 4. Plaintiff filed a motion to substitute the plaintiff which was granted by Hon. Brodie on September 16, 2020. See ECF No. 36.

### B. Standard of Review

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, she is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect*, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "In other words, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 2016 WL

6

5723982, at *2 (E.D.N.Y. Sept. 14, 2016) (citation omitted), *R&R adopted by*, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016).

## C. Analysis

### 1. RPAPL § 1304 Notice

Before discussing whether default judgment is warranted in this case, this Court must address a threshold issue regarding statutory notice that has been raised at various points in the course of this litigation. The District Court previously denied Plaintiff's first motion for default judgment on the basis that Plaintiff had not provided pre-foreclosure notice as required by RPAPL § 1304. Plaintiff then filed an amended complaint with attached documentation that purported to provide pre-foreclosure notice in accordance with RPAPL § 1304. This Court finds that the documentation attached to the amended complaint suffices to establish compliance with RPAPL § 1304 for the purposes of the present default proceeding.

RPAPL § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower . . . ." N.Y. Real Prop. Acts. Law § 1304(1). In addition, RPAPL § 1304(1) sets forth the requirements for the content of such notice, and RPAPL § 1304(2) provides that such notice shall be sent by "registered or certified mail and also by first-class mail to the last address of the borrower" and the "[n]otice is considered given as of the date it is mailed."

The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir.) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)), *certified question accepted*, 34 N.Y.3d 1137, 142 N.E.3d 102 (2020). A plaintiff-lender can demonstrate compliance with § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that

7

items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)). "[P]roof of a standard office mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by "a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed." *Id.* (quoting *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 414 N.Y.S.2d 117, 386 N.E.2d 1085, 1086 (1978)).

Plaintiff did not provide any documentation of pre-foreclosure notice in its initial complaint. *See* Compl., Exs. A-D. Following the filing of the complaint, Defendant failed to appear, the Clerk entered default, and Plaintiff filed a motion for default judgment. Mot. Default J., ECF No. 11. After giving Plaintiff an opportunity to explain its failure to provide pre-foreclosure notice, the District Court "denied the plaintiff's motion and granted leave to amend the complaint and re-file its motion after plaintiff has complied with the notice requirements set forth in [RPAPL] § 1304." Min. Entry, July 20, 2018. Plaintiff filed its amended complaint on November 27, 2018. Am. Compl., ECF No. 17. Attached to the amended complaint were two documents dated August 15, 2018 that purported to provide pre-foreclosure notice. ECF No. 17-1, at 28–35.[3] Both of the documents were addressed to Defendant Flora Rodriguez and accompanied by U.S. Postal Service receipts indicating mailing by certified and first-class mail—one of the documents was addressed to 9725 Liverpool Street in Jamaica, New York and the other to Ms. Rodriguez at 105-38 171st Place in Jamaica, New York. *Id.*[4]

Again, Defendant defaulted, and Plaintiff submitted a second motion for default judgment. Mot. Default J., ECF No. 26. Defendant Rodriguez moved the Court to vacate the

---

[3] Because the documents are not included as separate exhibits to the Amended Complaint, and are not paginated, this Court refers to page numbers assigned by the Electronic Case Filing ("ECF") system.

[4] Under § 1304(2), a lender is required to send pre-foreclosure notice to the subject property and to the defendant's last-known address. *See, e.g.*, *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *3 (E.D.N.Y. Mar. 16, 2020).

8

entry of default, however, on the basis that she had shown good cause for her untimely answer to the amended complaint and she had several potentially meritorious defenses. *See* Aff. Opp., ECF No. 27. The District Court granted Defendant's motion to vacate and found that, "[c]onstruing the answer liberally," Defendant had shown facts that, if proven, "would constitute a complete defense to the current action." Mem. & Order at 11, 12. Defendant had asserted that the pre-foreclosure notice was inadequate for two reasons: *first*, because it did not definitively show that the pre-foreclosure notice was received by Defendant 90 days prior to the filing of the amended complaint, and; *second*, because the notice was not provided to Rodriguez in her native language of Spanish. *Id.* at 12; *see* Aff. Opp.

Once again, Defendant repeatedly failed to appear to defend the action, and this Court directed Plaintiff to file a renewed motion for default judgment. Min. Entry, ECF No. 34. The question presented to this Court is whether the pre-foreclosure notice provided by Plaintiff in the August 15, 2018 letters is sufficient to discharge Plaintiff's obligations under RPAPL § 1304. This Court believes that it is.

Even though Defendant has alleged several potentially meritorious affirmative defenses, as noted by the District Court, Defendant has repeatedly failed to appear and defend this action, and therefore the affirmative defenses should be stricken. *See, e.g.*, *Rahman v. Red Chili Indian Cafe, Inc.*, No. 17-CV-5156 (RA), 2019 WL 6619350, at *2 (S.D.N.Y. Dec. 5, 2019) (striking defendant's answer and affirmative defenses and granting default judgment); *Envtl. Servs., Inc. v. Recycle Green Servs., Inc.*, No. 13-CV-4568 (JFB) (ARL), 2015 WL 13758426, at *2 (E.D.N.Y. June 9, 2015) (same). This Court is not required, or even authorized, to raise these affirmative defenses on its own motion under controlling New York law.

Compliance with RPAPL § 1304 "is a condition precedent to the commencement of a foreclosure action, but failure to comply with RPAPL 1304 is not jurisdictional, *U.S. Bank Nat. Ass'n v. Carey*, 137 A.D.3d 894, 28 N.Y.S.3d 68 (2d Dep't. 2016), rather, it is a defense which may be raised at any time." Dan M. Blumenthal, Supplementary Practice Commentaries to RPAPL § 1304 (McKinney's Supp. 2016) (quoting *Flagstar Bank, FSB v. Jambelli*, 140 A.D.3d

9

829, 32 N.Y.S.3d 625 (2d Dep't. 2016)); *see also* RPAPL § 1302 (stating that plaintiff's failure to comply with § 1304 is a defense). A plaintiff-borrower is, thus, not "required to disprove [a RPAPL § 1304] defense" if it has not been properly raised. *Flagstar Bank, FSB*, 140 A.D.3d at 830 (citing *Carey*, 137 A.D.3d at 896; *PHH Mtge. Corp. v. Celestin*, 130 A.D.3d 703, 11 N.Y.S.3d 871 (2d Dep't 2015)); *see Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) ("Generally, courts should not raise *sua sponte* nonjurisdictional defenses not raised by the parties"); *see also Flagstar Bank, FSB*, 140 A.D.3d at 830 (reversing where trial court raised § 1304 defense *sua sponte* in default proceeding); *Carey*, 137 A.D.3d at 895 (same).

The Second Circuit recently certified a question to the New York Court of Appeals regarding the appropriate standard by which to determine compliance with § 1304 where a plaintiff seeks to establish compliance through proof of a standard office mailing procedure and a defendant challenges the adequacy of the plaintiff's proof. *See Schiffman*, 948 F.3d at 534–35.[5] That case is easily distinguishable based on its procedural posture and because of the differing facts present in that case. *Schiffman* was an appeal from the grant of summary judgment, and the defendant actively challenged whether the plaintiff had complied with the statutory notice standard. *Id.*; *see also CIT Bank, N.A. v. Donnatin*, No. 17-CV-02167 (ADS) (AKT), 2020 WL 248996, at *3 (E.D.N.Y. Jan. 16, 2020) (dismissing case in summary judgment proceeding where defendant successfully argued that § 1304 notice was inadequate). Furthermore, the plaintiff sought to prove compliance through different means: there, the plaintiff sought to prove

---

[5] The Second Circuit certified the following question regarding RPAPL § 1304:

> *Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?*

*Schiffman*, 948 F.3d at 535. The Court of Appeals has accepted, but has not yet answered, the certified question.

10

compliance through standard office mailing, and here Plaintiff pleads compliance through proof of actual mailing.

This Court finds that Plaintiff has pled *prima facie* compliance with RPAPL § 1304, and Defendant's affirmative defenses are not properly before the Court.[6]  This Court now turns to whether Plaintiff has adequately pled liability in this case.

*2. Liability re: Defendant Rodriguez*

To show liability in a New York mortgage foreclosure action, a plaintiff-lender must show (1) a mortgage, (2) a note, and (3) proof of default on the note.  *See United States v. Estate of Callard*, No. 11-CV-4819 (ADS) (AKT), 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012)), *R&R adopted*, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017).  "If those elements are established, the mortgagee has a 'presumptive right to collect.'" *OneWest Bank, NA v. Raghunath*, 14-CV-3310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted).  Plaintiff has made an adequate showing of the first two elements by producing a valid mortgage and note.  *See* Mortgage; Note; *see also* Ex. C. to Am. Compl. ("Allonges to Note"), ECF No. 17-1.  In addition, Plaintiff has shown default on the loan obligations by providing an affidavit from the sole member of original plaintiff Courchevel 1850 LLC.  Aff. Jared Dotoli, ECF No. 35-6 ¶¶ 6-7; *see Estate of Callard*, 2017 WL 685604, at *8 ("Plaintiff has established a *prima facie* case by presenting a valid note, mortgage and proof of default by all Defendants."); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012).

---

[6]  Several other courts in this District have recently stayed default judgment motions or denied motions for default judgment on RPAPL notice issues based on the pending certification in *Schiffman*.  *See Freedom Mortg. Corp. v. Powell*, No. 18-CV-4265 (ENV) (CLP), ECF No. 20 (E.D.N.Y. Feb. 13, 2020); *Freedom Mortg. Corp. v. Monteleone*, No. 19-CV-1410 (RJD) (SJB), ECF No. 20 (E.D.N.Y. Jan. 31, 2020); *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), ECF No. 28 (E.D.N.Y. Jan. 29, 2020).  Because of the factual and procedural differences present in this case, this Court finds such action unnecessary.  *See Freedom Mortg. Corp. v. Phillip et al.*, 19-CV-1215 (RJD) (LB), ECF No. 18 (E.D.N.Y. Mar. 2, 2020) (finding stay unnecessary and granting default judgment where factual differences distinguished the relevant pending certification question in *Schiffman*).

### 3. Liability re: Non-Mortgage Defendant ECB

Under New York Law, the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). However, because Defendant ECB is a New York City Agency, New York Law requires that "the complaint shall set forth . . . [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making [Defendant ECB]" a party to the action. RPAPL § 202-a. This court adheres to the District Court's finding that Plaintiff failed to meet this standard. Mem. & Order at 13–18. Therefore, this Court recommends denying the application for default judgment against the ECB. *See id.* at 18 ("[D]enying plaintiff's motion for default judgments against the ECB and PVB will not defeat plaintiff's rights with respect to . . . the mortgagor defendant; rather, the failure to obtain default judgments against the ECB and PVB 'simply leaves [their] rights unaffected by the judgment of foreclosure and sale.'" (citation omitted)).

### D. Damages

Plaintiff seeks a damages award in the amount of $118,504.75. Mem. Supp., ECF No. 35-2, at 4. In support, Plaintiff submits an affidavit from its sole member, Jared Dotoli, who states that the outstanding principal balance is $118,504.75. Mot. Default J., Ex. C ("Dotoli Aff."), ECF No. 35-6 ¶ 6. Plaintiff waives interest due on the loan and does not seek attorney's fees or costs. *Id.* ¶ 7.

Under Rule 55, the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). However, a hearing is not required when detailed affidavits and other documentary evidence provide the court with a sufficient basis to determine damages to a "reasonable certainty." *Sun v. AAA Venture Capital, Inc.*, 15-CV-04325 (FB) (MDG), 2016 WL 5793198, at *3 (E.D.N.Y. Sept. 12, 2016) (citing *Action S.A. v. Marc*

12

*Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)), *adopted as modified by*, 2016 WL 5868579 (E.D.N.Y. Oct. 6, 2016).

"In the context of a default judgment in a foreclosure action, several courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan." *Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-01788 (MKB) (RML), 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) (collecting cases). Even where a plaintiff provides evidence regarding its calculation of damages in a foreclosure action, some courts have found that documentation to be insufficient to award damages. *See OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656 (NGG), 2015 WL 5706945, at *8 (E.D.N.Y. Sept. 2, 2015) (denying damages award where plaintiff failed to provide evidence regarding the number of payments paid towards the principal), *R&R adopted*, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015); *see also Onewest Bank, N.A. v. Vaval*, No. 14-CV-3437 (CBA) (PK), 2016 WL 3945342, at *3 (E.D.N.Y. July 19, 2016) (same).

This Court finds that damages have not been pled to a "reasonable certainty" based on the lack of evidence regarding the number of payments made towards the principal and the inconsistencies in the record. Plaintiff does not provide for any accounting of *how* the outstanding principal balance was calculated, nor does Plaintiff allege the number of payments made by Defendant. The Note provides that payments are due on the 1st day of each month starting on February 1, 2006. *See* Note. Yet Plaintiff alleges in its amended complaint that Defendant failed to make the "Monthly Payments due on the first (1st) day of August 2010 . . . ." Am. Compl. ¶ 15. It is not clear whether Defendant made payments between February 1, 2006 and August 1, 2010 and, if so, in what amounts.

Furthermore, this Court notes that the outstanding principal balance claimed by Plaintiff in this case deviates from the outstanding principal balance claimed by Plaintiff in a previous action instituted by Plaintiff in this District involving the same Defendants and the same

13

underlying allegations.[7] Accordingly, this Court finds that Plaintiff has not set forth sufficient information to determine damages to a "reasonable certainty" and leave should be granted so that Plaintiff can provide the Court with additional information to make a damages calculation.

### E. Conclusion

This Court finds that Plaintiff's allegations, deemed to be true by operation of default, are sufficient to grant default judgment. Plaintiff's evidence regarding damages, however, is insufficient under the applicable legal standards. As such, this Court respectfully recommends that the District Court GRANT the motion for default judgment, strike Defendant's answer, and direct Plaintiff to provide the Court with additional information on which to base its damages award. Counsel for Plaintiff shall forward a copy of this Report and Recommendation to Defendants' respective last-known addresses and file proof of service with this Court within ten (10) business days.

---

[7] In the current action, Plaintiff claims that "the principal balance owed by Borrower Flora E. Rodriguez is $118,504.75." Mem. Supp. Mot. Default J., ECF No. 35-2, at 4. Plaintiff previously instituted an action against Defendant on the same subject property in this District. *See* Compl., ECF No. 1, 16-CV-6714 (PKC) (PK). In the previous action, Plaintiff asserted that the "principal balance owed by Borrower Flora E. Rodriguez is $117,084.77." Mem. Supp. Mot. Default J., ECF No. 12-2, 16-CV-6714 (PKC) (PK), at 4. Plaintiff voluntarily dismissed that previous action. *See* Notice Voluntary Dismissal, ECF No. 15, 16-CV-6714 (PKC) (PK); *see also* Am. Compl. ¶ 23.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                     /s/
                                        Steven L. Tiscione
                                        United States Magistrate Judge
                                        Eastern District of New York

Dated: Brooklyn, New York
          September 18, 2020