UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

LIGHTNING 1179, LLC,

                    Plaintiff,

          v.

FLORA E. RODRIGUEZ and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                    Defendants.

-----------------------------------------------------------------

**ORDER**
17-CV-6311 (MKB) (ST)

MARGO K. BRODIE, United States District Judge:

Plaintiff Lightning 1179, LLC (substituting original plaintiff Courchevel 1850 LLC)[1]

commenced the above-captioned action on October 30, 2017, pursuant to New York Real

Property Actions and Proceedings Law ("RPAPL") § 1301, against Defendants Flora E.

Rodriguez and the New York City Environmental Control Board (the "ECB"), seeking to

foreclose on a mortgage encumbering the property commonly known as 105-38 171st Place,

Jamaica, New York 11433 (the "Property").  (Compl. ¶ 10, Docket Entry No. 1; Am. Compl. ¶ 1,

Docket Entry No. 17.)  Plaintiff alleges that Rodriguez is the owner of the Property encumbered

by the mortgage it is seeking to foreclose and alleges that the ECB is a defendant "by way of

having filed liens and/or judgments against the . . . Property."  (Am. Compl. ¶ 6.)  On September

16, 2019, former plaintiff Courchevel 1850 LLC moved for a default judgment seeking a

judgment of foreclosure and sale and damages in the amount of $118,504.75.  (Pl.'s Mot. for

---

[1] On June 23, 2020, Plaintiff filed a letter motion to substitute Lightning 1179, LLC for the original plaintiff Courchevel 1850 LLC, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, based on Courchevel 1850's transfer of interest in the note and mortgage to Plaintiff. (Pl.'s Mot. to Substitute Party, Docket Entry No. 36.)  The Court granted the motion on September 16, 2020.  (Order dated Sept. 16, 2020.)

Default J. ("Pl.'s Mot."), Docket Entry No. 35; Pl.'s Mem. in Supp. of Pl.'s Mot. 4, Docket Entry

No. 35-2.)  On September 16, 2019, the Court referred the matter to Magistrate Judge Steven

Tiscione for a report and recommendation.  (Order dated Sept. 16, 2019.)  By report and

recommendation dated September 18, 2020, Judge Tiscione recommended that the Court grant

the motion in part and deny it in part (the "R&R").  (R&R, Docket Entry No. 37.)

For the reasons set forth below, the Court adopts the report and recommendation and

grants Plaintiff's motion in part and denies it in part.  The Court orders Plaintiff to provide

additional information to support the damages claimed.

## I.    Background

In the R&R, Judge Tiscione recommended that the Court grant Plaintiff's motion for

default judgment in part against Rodriguez and deny Plaintiff's motion against the ECB, and that

the Court order Plaintiff to provide the Court with additional information on which to base its

damages award.  (R&R 1, 13.)  Judge Tiscione found that Plaintiff pled *prima facie* compliance

with section 1304 of RPAPL.  (*Id.* at 9.)  Judge Tiscione also determined that although

Rodriguez alleged "several potentially meritorious affirmative defenses," these affirmative

defenses should be stricken because "Defendant has repeatedly failed to appear and defend this

action" and the Court is not required or permitted to raise these affirmative defenses *sua sponte*.

(*Id.*)  Regarding Defendants' liability, Judge Tiscione found that Plaintiff made an adequate

showing of liability on a New York mortgage foreclosure action as to Rodriguez because

Plaintiff produced a valid mortgage, note, and proof of default, but not as to the ECB because

Plaintiff failed to show the "'particular nature of the interest in or lien on the real party and the

reason for making [the ECB]' a party to the action."  (*Id.* at 10–11 (quoting RPAPL § 1311(3)).)

Judge Tiscione also recommended that the Court direct Plaintiff to provide additional

information on which to base its damages award because Plaintiff failed to provide "any

accounting of *how* the outstanding principal balance was calculated" and failed to allege the

number of payments made by Rodriguez.  (*Id.* at 13.)   Judge Tiscione found that there were

inconsistencies in the record, including a deviation in the outstanding principal balance claimed

by Plaintiff in this action and in a prior action instituted by Plaintiff against the same Defendants

involving the same underlying allegations.  (*Id.* at 13–14.)

No party has objected to the R&R and the time for doing so has passed.

## II.   Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to

timely object to a magistrate's report and recommendation operates as a waiver of further

judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir.

2015) (quoting *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also*

*Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to

object to any purported error or omission in a magistrate judge's report waives further judicial

review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y.*

*State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012); *Wagner & Wagner, LLP v. Atkinson,*

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party

waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if

the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R

pursuant to 28 U.S.C. § 636(b)(1).

### III.  Conclusion

Accordingly, the Court strikes Defendant's answer and grants Plaintiff's motion for a default judgment against Rodriguez.  The Court denies Plaintiff's motion for a default judgment against the ECB.  The Court orders Plaintiff to provide additional information on which to base its damages award.

Dated: October 13, 2020
       Brooklyn, New York

SO ORDERED:


_____s/ MKB_____
MARGO K. BRODIE
United States District Judge